# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Dean and Patricia Dean

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin V. Mincey, Esquire
1500 JFK Blvd, Suite 1525, Philadelphia, PA 19102
215-587-0006

## DEFENDANTS
Philadelphia Gas Works and Craig White and Joseph Cipparone

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 442 Employment

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: 42 U.S.C. 2000e et seq.
Brief description of cause: This action is brought due to defendants' violation of...

## VII. REQUESTED IN COMPLAINT:
Damages in excess of $150,000
JURY DEMAND: [X] Yes

## VIII. RELATED CASE(S) IF ANY
SEP 17 2019

DATE: 9/10/19
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __3331 Edgemont Street, Philadelphia, PA 19134__

Address of Defendant: __800 west Montgomery Avenue, Philadelphia, PA 19122__

Place of Accident, Incident or Transaction: __PHILADELPHIA AND VICINITY__

RELATED CASE, IF ANY: __NONE__

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/10/19__ _____ __90201__
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # *(if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Kevin V. Mincey, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __SEPTEMBER 10, 2019__ _____ __90201__
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # *(if applicable)*

SEP 17 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

JOSEPH DEAN ET UX : CIVIL ACTION
v.
PHILADELPHIA GAS WORKS : NO.
ET AL

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

SEPTEMBER 10, 2019   KEVIN MINCEY
Date   Attorney-at-law   Attorney for PLAINTIFF

215-587-0006   215-587-0628   KEVIN@MINCEYFITZROSS.COM
**Telephone**   **FAX Number**   **E-Mail Address**

(Civ. 660) 10/02

SEP 17 2019

#400

MINCEY FITZPATRICK ROSS, LLC    ATTORNEYS FOR PLAINTIFFS
KEVIN V. MINCEY, ESQUIRE
ISAAC H. GREEN, ESQUIRE
1500 JFK BLVD., SUITE 1525
PHILADELPHIA, PA 19102
215-587-0006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DEAN<br>3331 Edgemont Street<br>Philadelphia, PA 19134<br><br>and<br><br>PATRICIA DEAN<br>3331 Edgemont Street<br>Philadelphia, PA 19134<br><br>　　　　　　　　　Plaintiffs<br><br>v.<br><br>PHILADELPHIA GAS WORKS,<br>　a Corporation owned and operated<br>　by the City of Philadelphia, a<br>　Municipal government entity, having<br>　a main office located at<br>800 W. Montgomery Avenue<br>Philadelphia, PA 19122<br><br>and<br><br>CRAIG WHITE, individually and in his<br>　official capacity as Chief Executive<br>　Officer of the Philadelphia Gas<br>　Works, having a main office<br>　located at<br>800 W. Montgomery Avenue<br>Philadelphia, PA 19122<br><br>and<br><br>JOSEPH CIPPARONE, individually | Jury Trial Demanded<br><br>CIVIL ACTION NO:_____ |

and in his official capacity as
Union representative at the
the Philadelphia Gas Works, having
a main office located at
800 W. Montgomery Avenue
Philadelphia, PA 19122

    and

JERRY GADOSH, individually and in
his official capacity as Supervisor
the Philadelphia Gas Works, having
a main office located at
800 W. Montgomery Avenue
Philadelphia, PA 19122

    and

MICHAEL HUDSON, individually and
in his official capacity as Union
Representative at the Philadelphia
Gas Works, having a main office
located at
800 W. Montgomery Avenue
Philadelphia, PA 19122
                       Defendants

## COMPLAINT
## JURISDICTION, VENUE AND PARTIES

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by §1981a (hereinafter, "Title VII"), 42 U. S. C. §1983 and §1988. Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343. The Court's Pendent jurisdiction is invoked pursuant to 28 USC §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiffs' causes of action arose in the Eastern District of Pennsylvania, and all the Defendants are found in the Eastern District of Pennsylvania.

3. Plaintiff JOSEPH DEAN (hereinafter "Joseph Dean") is a White adult male individual presently aged 49 years old and a citizen of the Commonwealth of Pennsylvania residing at 3331 Edgemont Street, Philadelphia, PA 19134.

4. Plaintiff PATRICIA DEAN (hereinafter "Patricia Dean") is a White adult female individual and a citizen of the Commonwealth of Pennsylvania residing at 3331 Edgemont Street, Philadelphia, PA 19134.

5. JOSEPH and PATRICIA DEAN are husband and wife.

6. Defendant PHILADELPHIA GAS WORKS (hereinafter "PGW") is a Corporation owned and operated by the City of Philadelphia, a municipal government unit in the Commonwealth of Pennsylvania, having a main office located at 800 West Montgomery Avenue, Philadelphia, PA 19122. At all times material hereto, Defendant PGW acted or failed to act under color and authority of law, and for and on behalf of the City of Philadelphia, a municipal corporation and government entity, and is directly and vicariously liable for the individual and joint acts and failures to act of the below-referenced Defendants WHITE, CIPPARONE, GADOSH and HUDSON.

7. Defendant PGW is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b) and employs in excess of 500 employees.

8. Defendant Craig WHITE (hereinafter "WHITE") is a White male and Chief Executive Officer ("CEO") of Defendant PGW, having a main office located at 800 West Montgomery Avenue, Philadelphia, PA 19122. At all times material hereto, Defendant PGW acted or failed to act under color and authority of law, and for and on behalf of the City of Philadelphia, a municipal corporation and

government entity. Defendant White is sued individually and in his official capacity as CEO of Defendant PGW.

9. Defendant Joseph CIPPARONE (hereinafter "CIPPARONE") is a White male Union representative at Defendant PGW, having a main office located at 800 West Montgomery Avenue, Philadelphia, PA 19122. Defendant Cipparone is sued individually and in his official capacity as Union Representative at Defendant PGW.

10. Defendant MICHAEL HUDSON, (hereinafter "HUDSON") is a White male Specialist and Union representative at Defendant PGW, having a main office located at 800 West Montgomery Avenue, Philadelphia, PA 19122. Defendant Hudson is sued individually and in his official capacity as Specialist at Defendant PGW.

11. Defendant JERRY GADOSH (hereinafter "GADOSH") is a White male Supervisor at Defendant PGW, having a main office located at 800 West Montgomery Avenue, Philadelphia, PA 19122. Defendant Gadosh is sued individually and in his official capacity as Supervisor at Defendant PGW.

12. At all times material hereto, Defendant PGW acted or failed to act through its authorized agents, servants, workmen and employees including, but not limited to, Defendants WHITE, CIPPARONE, GADOSH and HUDSON, individually and/or jointly, who were at all times then and there acting within the course and scope of their employment, with Defendant PGW, and under color of law.

13. At all times material hereto, Defendants WHITE, CIPPARONE, GADOSH and HUDSON, individually and/or jointly, were acting in the course and scope of their

agency and/or employment with and on behalf of and/or under the management, control and/or direction of Defendant PGW.

14. At all times material hereto, the individual Defendants were acting intentionally, maliciously, and in reckless disregard of the Plaintiff's right to be free from race discrimination and retaliation.

## ADMINISTRATIVE PROCEDURES

15. Plaintiff filed a first Charge of discrimination, based on race discrimination and retaliation, against the Defendant PGW with the District Office of the Equal Employment Opportunity Commission, Charge No. 530 - 2019 - 00771 on 21 February 2019.

16. Plaintiff also received a Notice of Right to Sue Within 90 Days from the U. S. Department of Justice dated 16 July 2019. A copy of the Notice of Right to Sue" is attached and marked as Exhibit "A".

17. Because of continued retaliation and harassment, Plaintiff filed a second Charge of Discrimination, based on retaliation, against the Defendant PGW, with the District Office of the Equal Employment Opportunity Commission, Charge No. 530 - 2019 - 04434 on June 28, 2019.

18. However, because 180 days have not elapsed since the June 28, 2019 filing of the second Charge of Discrimination under Charge No. 530 - 2019 - 04434, the District Office of the Equal Employment Opportunity Commission has not completed its investigation and has not issued the Plaintiff a Right to Sue letter. Thus, the Plaintiff is awaiting a Right to Sue letter under Charge Number 530 - 2019 - 04434.

## BACKGROUND ALLEGATIONS

19. Although Plaintiff Joseph Dean is White and Defendants White, Cipparone, Gadosh and Hudson are also White, said Defendants discriminated against Plaintiff Joseph Dean in the terms and condition of his employment because of his association with Black PGW employees, members of a protected group, and retaliated against him when he complained about and reported another employee's (Dylan Rutledge's) frequent use of racial slurs and epithets against Black people, which Plaintiff Joseph Dean found harmful, offensive and repugnant.

## GENERAL FACTUAL ALLEGATIONS

20. Plaintiff Joseph Dean was hired by Defendant PGW as a Helper on or about December 11, 2017.

21. One of the Plaintiff's co-workers, Dylan Rutledge, who also worked as a Helper, frequently used racial slurs in reference to Black co-workers and Black people in general and was known among other employees as a person who frequently used such racial slurs.

22. Plaintiff Joseph Dean found Mr. Rutledge's racial slurs against Black people offensive and harmful, and complained to Defendant Cipparone, Plaintiff Joseph Dean's Union Representative, about Mr. Rutledge's use of racial slurs, but Defendant Cipparone did nothing and took no action against Mr. Rutledge.

23. When Mr. Rutledge learned that Plaintiff Dean had complained about him, Mr. Rutledge called Plaintiff Joseph Dean a "Nigger Lover" in or about July 2018.

24. Two weeks later, Plaintiff Joseph Dean complained to Mr. Ryan Baldwin, a Black

Supervisor.

25. After Plaintiff Joseph Dean complained to Supervisor Baldwin, he was contacted by Human Resources in August 2018 and told that Defendant PGW would investigate the matter.

26. Shortly thereafter, Mr. Rutledge was terminated from his employment with Defendant PGW.

## INITIAL RETALIATION AND HOSTILE WORK ENVIRONMENT.

27. After Mr. Rutledge was terminated, Defendants Cipparone and Hudson retaliated against Plaintiff Joseph Dean, who treated him with hostility and made efforts to have other employees ostracize him.

28. For example, when Plaintiff Joseph Dean attended a cadet training class on or about September 11, 2018, Defendants Cipparone and Hudson publicly denounced and ostracized Plaintiff Joseph Dean to other employees as a "rat" while pointing at him.

29. On or about September 21, 2018, Plaintiff Joseph Dean was directed to attend a meeting with Defendant PGW's Chief Executive Officer, Defendant Craig White, Defendant Cipparone and Defendant Hudson.

30. While in the meeting, Defendants Hudson and Cipparone falsely accused Plaintiff Joseph Dean of wrong-doing.

31. During that meeting, Defendant White told Plaintiff Joseph Dean that he was a disgrace to the white race.

32. On or about October 30, 2018, Plaintiff Joseph Dean filed with Defendant PGW a written complaint of discrimination describing the hostile work environment and

retaliation to which he had been subjected.

33. Within one hour after filing his written complaint, Defendant PGW retaliated against Plaintiff Joseph Dean by terminating him from his employment.

## **CONTINUED RETALIATION AND HARASSMENT POST TERMINATION**

34. After Plaintiff Joseph Dean was terminated from his employment, and located new employment, Defendant PGW's employees, workmen and agents, including Defendants Gadosh and Hudson and other PGW employees, continued to harass and retaliate against Plaintiff Joseph Dean.

35. For example, since December 2018, unidentified PGW employees came to Plaintiff Joseph Dean's neighborhood in PGW vans and parked them next to his house for hours even though they had no work in the area; and those unidentified PGW employees would pretend to shoot him with a "finger-gun".

36. Plaintiff Joseph Dean, by and through his attorney, complained to Defendant PGW about the continued harassment, and asked it to stop the harassment, it only worsened.

37. On many occasions, and as late as June 12, 2019, Defendant Gadosh has followed Plaintiff from his home to his new place of employment in Montgomery County for no other reason than to harass and intimidate Plaintiff Joseph Dean.

38. On many occasions since Plaintiff Joseph Dean filed his first Charge of Discrimination in February 2019, Defendant Hudson has harassed the Plaintiff by telephone by calling him and making threats against the Plaintiff's life, and on other occasions by leaving voice mails consisting of heavy breathing.

39. In light of the continued harassment and retaliation, Plaintiff Joseph Dean filed

another Charge of Discrimination with the District Office of the Equal Employment Opportunity Commission, Charge No. 530 - 2019 - 04434, in on June 28, 2019.

40. As a direct and proximate result of the acts and failures to act as described above, Plaintiff Joseph Dean experienced, *inter alia*, mental and physical pain and anguish and was unable to give his wife services, society, conjugal affection, company and consortium to his wife, Plaintiff Patricia Dean.

## FEDERAL CLAIMS

### COUNT I: Plaintiff Joseph Dean -v- Defendant Philadelphia Gas Works (Violation to Title VII, 42 USC §2000e-2(a)(1)

41. The allegations in all preceding paragraphs are incorporated and made part of this paragraph as if fully set forth here.

42. The acts and/or failures to act of Defendants WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly, which were the acts and failures to act of Defendant PGW, discriminated against Plaintiff Joseph Dean in the terms and conditions of his employment and denied him of rights and/or protections secured to him by the Equal Protection Clause of the Fourteenth Amendment.

43. The acts and failures to act of Defendants WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly, which were the acts and failures to act of Defendant PGW, discriminated against Plaintiff Joseph Dean on the basis of his race and constituted an unlawful employment practice in violation of 42 U. S. C. 2000e-1.

**WHEREFORE**, Plaintiff Joseph Dean demands judgment against the

Philadelphia Gas Works in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for attorney's fees as allowed by 42 U. S. C. §1988.

### COUNT II: Plaintiff Joseph Dean -v- Defendant Philadelphia Gas Works (Violation of Title VII, 42 §USC 2000e-2(a)(2)

44. The allegations in all preceding paragraphs are incorporated and made part of this paragraph as if fully set forth here.

45. The acts and/or failures to act of Defendants WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly, which were the acts and failures to act of Defendant PGW, discriminated against Plaintiff Joseph Dean by serving to limit, segregate and classify him in a way which deprived him of employment opportunities and adversely affected his status as an employee because of his race.

46. The acts and failures to act of Defendants WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly, which were the acts and failures to act of Defendant PGW, discriminated against Plaintiff Joseph Dean on the basis of his race and constituted an unlawful employment practice in violation of 42 U. S. C. 2000e-2(a)(2).

**WHEREFORE**, Plaintiff Joseph Dean demands judgment against the Philadelphia Gas Works in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for attorney's fees as allowed by 42 U. S. C. §1988.

## COUNT III: Plaintiff Joseph Dean -v- Defendant Philadelphia Gas Works (Violation of Title VII, 42 U. S. C. §2000(e)-3(a))

47. The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

48. The acts and failures to act of Defendant WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly, specifically the acts of falsely accusing Plaintiff Joseph Dean of wrong-doing, subjecting him to harassment and ostracizing, and calling him vile names and accusing him of being a disgrace to his race, retaliated against Plaintiff Joseph Dean for filing reports of race discrimination and harassment with Defendant PGW.

49. The acts and failures to act of Defendant WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly, which were the acts and failures to act of Defendant PGW, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-3(a).

50. As a result of Defendant WHITE, CIPPARONE, HUDSON and GADOSH's individual and/or joint actions, and therefore Defendant PGW's actions, Plaintiff Joseph Dean has and may be impaired in his employment opportunities, and has suffered loss of income, loss of professional stature, mental anguish, embarrassment, humiliation, and loss of self-esteem in violation of 42 U. S. C. §2000(e)-3(a).

**WHEREFORE**, Plaintiff Joseph Dean prays for Judgment against the defendant named in this Count, individually and/or jointly, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorney's fees pursuant to 42

USC §1988.

## Count IV: Plaintiff Joseph Dean -v- Defendants Philadelphia Gas Works, White, Cipparone, Hudson and Gadosh, Individually And/or Jointly. (Violation of 42 U. S. C. §1983, 1st and 14th Amendments)

51. The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

52. Defendants Philadelphia Gas Works, White, Cipparone, Hudson and Gadosh, individually and/or jointly, acted under color of law, and with deliberate indifference to Plaintiff Joseph Dean's rights to be free from race discrimination and retaliatory conduct by Defendant PGW's employees.

53. Defendant PGW failed to adequately train, supervise and instruct Defendants WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly, in the illegality and impropriety of retaliating against employees for reporting incidents of race discrimination.

54. Defendant Philadelphia Gas Works is strictly liable for the acts and failures to act of Defendants WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly.

55. As a result of said failure to train, supervise and instruct Defendant WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly, who then subjected Plaintiff Joseph Dean to race discrimination and retaliation as described herein, the Plaintiff was deprived of his rights under the First and Fourteenth Amendments to the United States Constitution.

56. As a result of the Defendants' individual and/or joint actions, Plaintiff Joseph Dean has and may be impaired in his employment opportunities, and has

suffered loss of income, loss of professional stature, mental anguish, embarrassment, humiliation, and loss of self-esteem in violation of 42 U. S. C. §1983.

**WHEREFORE**, Plaintiff Joseph Dean prays for Judgment against the Defendants named in this Count, individually and/or jointly, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorney's fees pursuant to 42 USC §1988(b).

### STATE LAW CLAIMS: JURY TRIAL DEMANDED

### COUNT V: Plaintiff Joseph Dean -v- Defendant Philadelphia Gas Works
### (Violation of 42 Pa. C. S. §955(a))

57. The allegations in all preceding paragraphs are incorporated and made part of this paragraph as if fully set forth here.

58. Plaintiff Joseph Dean was the best able and most competent to perform his services as a Helper for Defendant Philadelphia Gas Works, which services he had performed for almost two years.

59. The acts and failures to act of Defendants WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly, which were the acts and failures to act of Defendant PGW, tended to discriminate against Plaintiff Joseph Dean with respect to compensation, hire, tenure, terms, conditions or privileges of his employment on the basis of his race.

60. The acts and failures to act of Defendants WHITE, CIPPARONE, HUDSON and GADOSH, individually and/or jointly, which were the acts and failures to act of Defendant PGW, constituted an unfair employment practice proscribed by 42 Pa.

C. S. §955(a).

**WHEREFORE**, Plaintiff Joseph Dean demands judgment against Defendant Philadelphia Gas Works in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for any and all costs, filing fees and attorney fees as may be allowed by law.

### COUNT VI: Plaintiff Joseph Dean -v- Defendants Philadelphia Gas Works, White, Cipparone, Hudson and Gadosh, Individually And/or Jointly. 43 Pa. C. S. §955(d)

61. The averments set forth in all preceding paragraphs are here incorporated here as if fully set forth here.

62. 43 Pa. C. S. §955(d) proscribes any person or employer from discriminating in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

63. The Defendants, individually and jointly, intentionally and willfully discriminated and retaliated against Plaintiff Joseph Dean because he opposed discriminatory practices forbidden by 43 Pa. C. S. §955 and made a charge against the Defendants with the Pennsylvania Human Relations Commission, all in violation of 43 Pa. C. S. §955(d).

64. As a result of the conduct of the defendants, Plaintiff Joseph Dean has suffered a loss of employment and income, loss of professional stature, mental anguish, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE**, Plaintiff Joseph Dean prays for Judgment against all the

defendants, individually and/or jointly, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorney's fees as allowed by law.

### COUNT VII: PLAINTIFF PATRICIA DEAN -v- DEFENDANTS PHILADELPHIA GAS WORKS, WHITE, CIPPARONE, HUDSON and GADOSH, INDIVIDUALLY and/or JOINTLY
### (Loss of Consortium)

65. The averments set forth in all preceding paragraphs are here incorporated here as if fully set forth here.

66. As a direct and proximate result of the Defendants individual and joint discrimination against her husband, Plaintiff Joseph Dean, he experienced, *inter alia*, mental and physical pain and anguish and was unable to give company and consortium to Plaintiff Patricia Dean.

67. As a direct and proximate result of the Defendants' individual and joint actions, Plaintiff Patricia Dean was deprived of and lost, *inter alia*, Plaintiff Joseph Dean's services, society, conjugal affection, companionship and consortium, contrary to her marital expectations.

**WHEREFORE**, Plaintiff Patricia Dean prays for Judgment against all the defendants, individually and/or jointly, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorney's fees as allowed by law.

Respectfully submitted,

*/s/ Kevin V. Mincey*

**Kevin V. Mincey, Esquire**
**Isaac H. Green, Esquire**
MINCEY FITZPATRICK ROSS, LLC
Attorneys and Counselors at Law
Two Penn Center
1500 JFK Boulevard, Suite 1525
Philadelphia, PA 19102
Telephone: 215 - 587 - 0006
Telefax: 215 - 587 - 0628
Attorneys for Plaintiffs Joseph and Patricia Dean
