IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYSYLVANIA

| | | |
|---|---|---|
| JOSEPH DEAN et ux., | : | |
| | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILADELPHIA GAS WORKS, | : | NO. 2:19-cv-04266-GJP |
| CRAIG WHITE, JOSEPH | : | |
| CIPPARONE, JERRY GADOSH, and | : | |
| MICHAEL HUDSON | : | |
| | : | |
| *Defendants.* | : | |
| _____ | : | |

**JOINT STATUS REPORT PURSUANT TO RULE 26(f)**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 9, 2020 and submit the following report of their meeting for the court's consideration:

1. Basis of Jurisdiction: <u>Federal Question, 28 USC § 1331.</u>

2. Jury Trial: <u>  X  </u>         Non-Jury Trial: <u>_____</u>         Arbitration: <u>_____</u>

3. Plaintiff's counsel participating in the Rule 16 Conference:

    <u>Isaac H. Green, Esquire; Kevin V. Mincey, Esquire; and Thomas O. Fitzpatrick,</u>

    <u>Esquire, Mincey Fitzpatrick Ross, LLC, Two Penn Center, 1500 JFK Blvd., Suit</u>

    <u>1525, Philadelphia, PA 19102</u>

4. Defendant's counsel participating in the Rule 16 Conference:

    <u>Brett A. Zahorchak, Esquire, Philadelphia Gas Works, 800 W. Montgomery Ave.,</u>

1

Philadelphia, PA 19122

(P): 215-684-6647; (F): 215-684-6798; Email: Brett.Zahorchak@pgworks.com

5. Do counsel have full authority to settle at Rule 16 Conference? If not, client with such authority who will attend conference:

   By Plaintiff:     To be determined.

   By Defendant:     No. Raquel N. Guzmán, Esquire, PGW General Counsel and Vice President, Legal Department, and Gerard Gaydosh will attend the conference.

6. When did the parties hold the Rule 26 Conference?

   The parties conferred on January 9, 2020.

7. When did the parties comply with the Rule 26(a)'s duty of self-executing disclosure?

   Plaintiff: To be determined.

   Defendant: January 9, 2020.

8. Does either side expect to file a case-dispositive motion? Yes, Defendant.

   If yes, under what Rule?  Rule 56

   If yes, specify the issue Defendant anticipates filing a Motion for Summary Judgment at the close of discovery because Plaintiff's claims fail as a matter of law. Plaintiff cannot establish a prima facie case of discrimination or retaliation, nor can Plaintiff prove pretext. Additionally, Plaintiff cannot establish a basis for employer liability under Title VII on a hostile work environment theory.

   Proposed deadline for filing dispositive motions: 45 days after the close of discovery.

   Does either side anticipate the use of experts? Plaintiff anticipates use of an economic expert; Defendant anticipates use an economic expert for rebuttal.

9. Approximate date case should be trial-ready: 30 days after Court's ruling on dispositive

    motions.

    Time for Plaintiff's case: <u>1-2 Days</u>    Time for Defendants' case: <u>1-2 Days</u>

10. Is a settlement conference likely to be helpful? <u>Yes, possibly after written discovery and deposition of Plaintiff.</u>

    If so, when:

    Early _____    After Discovery \_\_\_\_X\_\_\_\_

11. Do the parties wish to proceed before a Magistrate Judge for final disposition? <u>No.</u>

<u>Plan for Discovery:</u>

1. The parties anticipate that discovery should be completed within <u>180</u> days.

2. What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to? <u>90 days so that the parties may exchange written documents and Defendant PGW may take deposition of Plaintiff.</u>

3. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)? <u>Yes, the parties seek entry of a 502(d) Order and anticipate providing a stipulation to the Court for approval.</u>

4. Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan. <u>None at this time.</u>

5. If you contend the discovery period to exceed 90 days, please state reason. <u>Counsel for Plaintiff's case load is such that a 180-day discovery period is necessary in order to give this case the time and attention that it deserves. Counsel for Defendant does not oppose Counsel for Plaintiff's request.</u>

          Respectfully Submitted,

          */s/ Isaac H. Green*
          Isaac H. Green, Esq.
          Kevin V. Mincey, Esq.
          Thomas O. Fitzpatrick, Esq.
          Mincey Fitzpatrick Ross, LLC
          Two Penn Center
          1500 JFK Blvd., Suite 1525
          Philadelphia, PA 19102
          (215) 587-0006
          ikegreen66@gmail.com
          kevin@minceyfitzross.com
          tom@minceyfitzross.com
          *Attorneys for Plaintiff*

          -AND-

          */s/ Brett A. Zahorchak*
          Brett A. Zahorchak, Esq.
          Philadelphia Gas Works
          Legal Department
          800 W. Montgomery Ave.
          4th Floor
          Philadelphia, PA 19122
          (215) 684-6647
          Brett.Zahorchak@pgworks.com
          *Attorney for Defendants,*
          *Philadelphia Gas Works, and Gerard*
          *Gaydosh (improperly designated*
          *as Jerry Gadosh).*

DATE: 1/10/2020